IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                      No. CR 20-1385 JB

FLOYD EMORY CHERESPOSY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report, filed July 25, 2021 (Doc. 46)("Objection"). The primary issue is whether the Court can apply a 4-level sentencing enhancement under United States Sentencing Guidelines ("U.S.S.G") § 2A3.1(b)(1), which applies when a defendant "knowingly causes another person to engage in a sexual act . . . (1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping," 18 U.S.C. § 2241(a), where the victims decided not to disclose the sexual contact, because they were afraid that Defendant Floyd Emory Cheresposy would hurt them. The Court concludes that the 4-level enhancement does not apply, because telling victims not to speak to anyone about the sexual contact, without more, does not equate to: (i) using force; or (ii) placing the victims in fear of death, serious bodily injury, or kidnapping. Accordingly, the Court will sustain the Objection.

## FACTUAL BACKGROUND

The Court's factual background is based on the facts that the Court finds by a preponderance of the evidence. See United States v. Williams, No. CR. 17-2556 JB, 2020 WL

4016108, at *6 (D.N.M. July 16, 2020)(Browning, J.)(citing United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008)).  Accord United States v. Zapata, 546 F.3d 1179, 1192 (10th Cir. 2008).  The court may rely upon reliable hearsay, so long as the evidence meets the preponderance-of-the-evidence standard.  See United States v. Banda, 168 F. App'x 284, 289 (10th Cir. 2006)("[T]there is no prohibition on considering hearsay testimony at sentencing, provided it bears indicia of reliability.").  The evidence and information upon which the Court relies must have sufficient indicia of reliability.  See U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").  The Court takes its facts from the Presentence Investigation Report, filed June 4, 2021 (Doc. 43)("PSR").

1.  On September 21, 2019, the mother of Jane Doe 1 and aunt of Jane Doe 2[1] told a Laguna Pueblo Police officer that Cheresposy had molested her daughter and her niece.  See PSR ¶ 12, at 4.

2.  She also reported that her minor son, John Doe, witnessed the molestation.  See PSR ¶ 12, at 4.

3.  The abuse occurred between October 14, 2011, and December 8, 2012.  See PSR ¶¶ 12, 17, at 4, 6.

4.  Cheresposy once molested Jane Doe 2 and Jane Doe 1 together; on another occasion Cheresposy molested Jane Doe 2 alone.  See PSR ¶ 15, at 4.

---

[1]Although the PSR uses the victims' initials, the Court refers to them as Jane Doe 1 and Jane Doe 2 to be consistent with the Plea Agreement, filed March 25, 2021 (Doc. 40).

5. At a safehouse interview[2] on October 2, 2019, Jane Doe 1 recalled an occasion when she was seven, and Cheresposy had "his hands on her and kept going lower and lower[,] . . . using one of his hands to rub her vagina[, and she] . . . could feel his fingers inside of her ."  PSR ¶ 13, at 4.

6. "Cheresposy made her promise not to say anything . . . and told her to stay quiet."  PSR ¶ 13, at 4.

7. Jane Doe 1 stated that the last time the abuse occurred, Cheresposy did the same thing to her: "He pulled down her pants down and touched her with his fingers."  PSR ¶ 13, at 4.

8. Cheresposy "also touched her buttocks and she recalled it caused pain."  PSR ¶ 13, at 4.

9. Cheresposy "told her not to tell her parents what had occurred."  PSR ¶ 13, at 4.

10. After the abuse occurred, Jane Doe 1 and Jane Doe 2 "decided not to tell anyone because they believed Cheresposy would hurt them."  PSR ¶ 13, at 4.

11. Jane Doe 1 did not report the abuse sooner, because "she was scared."  PSR ¶ 13, at 4.

12. Cheresposy touched Jane Doe 2 the first time when they were watching a movie while lying in a bed.  See PSR ¶ 14, at 4.

13. "Cheresposy put his hand on her thigh and touched her with his fingers on her private part."  PSR ¶ 14, at 4.

---

[2]"A Safehouse Interview is an investigative forensic interview of a child or adolescent. The intent of this service is to produce an interview that is of evidence quality, and visually recorded by electronic media and generate evidence that is forensically defensible, and provide advocacy services."  Safehouse Interviews and Family Advocacy, Service Code: S9986, New Mexico Human Services Department, also available at http://newmexico.networkofcare.org/content/client/1446/S9986%20SafeHouse.pdf.

14. "He then put his hand under her pants and underwear and had skin to skin contact." PSR ¶ 14, at 4.

15. Cheresposy told Jane Doe 2 not to talk. See PSR ¶ 14, at 4.

16. Jane Doe 2 "wanted to talk but was too scared." PSR ¶ 14, at 4.

17. The abuse stopped when someone knocked on the door. See PSR ¶ 14, at 4.

18. She recalled that the last time Cheresposy abused her was when she was seven years old, and he did not say anything to her. See PSR ¶ 14, at 4.

19. In an interview on October 24, 2019, Cheresposy admitted to touching both Jane Doe 1 and Jane Doe 2. See PSR ¶¶ 15-16, at 4.

20. Cheresposy's stated that his "intention" was not "to hurt either girl, he only wanted to touch them because they were there." PSR ¶ 16, at 4.

21. The incidents lasted for twenty to thirty seconds. See PSR ¶ 16, at 4.

22. To Cheresposy, "it seemed like they did not care about what was happening." PSR ¶ 15, at 4.

23. Cheresposy thought "they could have been scared at age seven . . . ." PSR ¶ 16, at 4.

24. "Cheresposy denied having romantic feelings for the victims as he was considered their grandfather." PSR ¶ 16, at 4.

25. "After the abuse occurred, [Jane Doe 1] made a pact with [Jane Doe 2] and [John Doe] not to disclose what had occurred to them out of fear that they would be hurt by Cheresposy." PSR ¶ 21, at 6.

**PROCEDURAL BACKGROUND**

Cheresposy pleaded guilty to a two-count information charging him with abusive sexual

contact of a child under twelve years in age in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). See Plea Agreement at 3-11, filed March 25, 2021 (Doc. 40)("Plea"). In the Plea, Cheresposy admits to the following facts:

> Between on or about October 14, 2011 and October 14, 2012, I, Floyd Emory Cheresposy, knowingly engaged in a sexual contact with Jane Doe 1, the child described in Count 1 of the Information. Jane Doe 1 was approximately seven (7) years old and had not yet attained the age of twelve (12) years. The sexual contact involved the intentional touching, not through the clothing, of the genitalia of Jane Doe 1 with the intent to abuse, humiliate, harass, degrade, and arouse or gratify the sexual desire of any person.
>
> Further, between on or about December 82 2011 and December 8, 2012, I knowingly engaged in a sexual contact with Jane Doe 2, the child described in Count 2 of the Information. Jane Doe 2 was also approximately seven (7) years old and had not yet attained the age of twelve (12) years. The sexual contact again involved the intentional touching, not through the clothing, of the genitalia of Jane Doe 2 with the intent to a humiliate, harass, degrade, and arouse or gratify the sexual desire of any person.

Plea at 4.

**1.     The PSR.**

The United States Probation Office ("USPO"), in the PSR, calculates Cheresposy's base offense level as 30 for both counts, and increases each offense level by: (i) 4-levels under U.S.S.G. § 2A3.1(b)(1), because the "offense involved conduct described in 18 U.S.C. § 2241(a) or (b)"; (ii) 4-levels under U.S.S.G. § 2A3.1(b)(2)(A), because the victims were under twelve years old; and (iii) 2-levels under U.S.S.G. § 2A3.1(b)(3), because the victims were "in the custody, care, or supervisory control of the defendant." PSR ¶¶ 28-42, at 8. After (i) applying the multiple count adjustment under U.S.S.G. §§ 3D1.4(a)-(c); (ii) applying the sex crime enhancement under U.S.S.G. § 4B1.5(b)(1); and (iii) subtracting 3 levels for acceptance of responsibility, the USPO calculates Cheresposy's offense level as 43. See PSR ¶¶ 44-51, at 9. For a total offense level of 43 and criminal history category of I, the United States Sentencing Guideline imprisonment range is life. See PSR ¶¶ 85-86, at 16.

2.      **The Objection and the USPO's PSR Addendum.**

Cheresposy objects to the 4-point enhancement U.S.S.G. § 2A3.1(b)(1) in the PSR's ¶¶ 29 and 37, because, he argues, neither 18 U.S.C. § 2241(a) nor (b) describe his conduct. See Objection at 2-3. Cheresposy argues:

> There is no claim in this case that Mr. Cheresposy rendered either victim unconscious or otherwise impaired their abilities to appraise or control their conduct. Additionally, there is no evidence that Mr. Cheresposy used force against either victim, threatened either victim, or placed either victim in fear that she would be subject to death, serious bodily injury, or kidnapping. . . . Neither victim claimed that Mr. Cheresposy threatened them at all, let alone threatened to harm them. There is also no evidence of restraint or physical force of the like described by the Tenth Circuit in [United States v. Reyes Pena, 216 F.3d 1204, 1211 (10th Cir. 2000)].

Objection at 2-3. In the Addendum to the Presentence Report, filed July 15, 2021 (Doc. 49)("PSR Add."), the USPO states that the 4-level enhancement is proper despite the Objection, because Jane Doe 1 "stated she made a pact with [Jane Doe 2] not to disclose what had occurred to them out of fear that they would be hurt by the defendant," and therefore they "were in fear that they would be subjected to death or serious bodily injury by the defendant." PSR Add. at 1.

## ANALYSIS

The Court will sustain the Objection, because the victims' general fear of Cheresposy and the potential reprisals for telling anyone about the sexual contact, without more, does not imply the victims were afraid that Cheresposy would inflict serious bodily injury, kill them, or kidnap them. Cheresposy pleaded guilty to two counts of abusive sexual contact of a child under twelve years in age in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). See Plea at 3-11. U.S.S.G. § 2A3.1(b) states that the base offense level for criminal sexual abuse of 30 is increased by 4 levels "[i]f the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." Under 18 U.S.C. § 2241(a), a person commits aggravated sexual abuse by "force or threat" if that person "knowingly causes another person to engage in a sexual act . . . (1) by using force against that other person; or

(2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping . . . ." 18 U.S.C. § 2241(a). Application Note 2 to U.S.S.G. § 2A3.1 explains:

> For purposes of subsection (b)(1), "conduct described in 18 U.S.C. § 2241(a) or (b)" is engaging in, or causing another person to engage in, a sexual act with another person by: (A) using force against the victim; (B) threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping; (C) rendering the victim unconscious; or (D) administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct. This provision would apply, for example, if any dangerous weapon was used or brandished, or in a case in which the ability of the victim to appraise or control conduct was substantially impaired by drugs or alcohol.

U.S.S.G. § 2A3.1, cmt. n.2 (quoting U.S.S.G. § 2A3.1(b)(1)).

First, Cheresposy did not use force on either victim. Instead, he relied on his authority as the victims' grandfather to sexually abuse them. See PSR ¶¶ 12-17, at 4-6. Although "there is no statutory definition of 'force' provided by the Guidelines," the United States Court of Appeals for the Tenth Circuit has held "that the § 2A3.1(b)(1) enhancement is justified by the factual finding that the perpetrator used 'such physical force as is sufficient to overcome, restrain or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.'" United States v. Reyes Pena, 216 F.3d 1204, 1211 (10th Cir. 2000)(quoting United States v. Yazzie, No. 97-2201, 1998 WL 276362, at *3 (10th Cir. May 27, 1998)). In addition, "force may be inferred by such facts as disparity in size between victim and assailant, or disparity in coercive power, such as that between an adult and a child." United States v. Reyes Pena, 216 F.3d at 1211. See United States v. Knight, 116 F. Supp. 3d 439, 444 (M.D. Pa. 2015)(Conner, J.)("Force within the margins of the § 2A3.1(b)(1) enhancement is that force sufficient to restrain a victim, overcome a victim, or prohibit a victim from escaping, and it follows that the amount of vigor needed to accomplish those objectives will necessarily vary from one person to another.")(quoting United

States v. Pena, 216 F.3d 1204, 1211 (10th Cir. 2000)).  For instance, in United States v. Reyes Pena, the Tenth Circuit affirmed the district court's conclusion that the defendant, who was in his late twenties and was much larger than his ten-year-old victim, used force where he grabbed the victim by the arm when she tried to escape, made her law next to him on the bed, and would push her against the wall when she tried to kick and push in away.  See United States v. Reyes Pena, 216 F.3d at 1207.  Similarly, the Tenth Circuit affirmed a district court's conclusion that the defendant used force where the defendant "grabbed the victim by both shoulders when she tried to get away, and forced her to lay on the bed.  [The Defendant] held the victim down against her will and the victim was unable to get him off of her."  United States v. Pewenofkit, 173 F.3d 865, 868 (10th Cir. 1999).

    Here, although force can be inferred from disparity in size, Cheresposy did not use force, because he did not "'restrain" either victim when he touched them, he did not use a weapon or threaten them with a weapon, and the physical contact was not "'sufficient that the other person could not escape the sexual contact.'"  United States v. Reyes Pena, 216 F.3d at 1211 (quoting United States v. Lauck, 905 F.2d 15, 18 (2d Cir. 1990)).  Cheresposy abused both victims for twenty to thirty seconds by touching them under their clothes and touching their "private part[s]." PSR ¶ 14, at 4.  See PSR ¶ 13, at 4.  The record does not reflect that he grabbed them, held them in place, pushed them onto the bed, or otherwise physically restrain them.  See PSR ¶¶ 13-17, at 4-6.  Because Cheresposy's abuse bears no resemblance to that in United States v. Reyes Pena, 216 F.3d at 1207, or United States v. Pewenofkit, 173 F.3d at 868, where the defendants restrained the victims and held them so that they could not escape the abuse, the Court concludes that Cheresposy did not use force.

    Second, although Cheresposy told both victims not to tell anyone about the sexual contact

multiple times, see PSR ¶¶ 12-16, at 4-6, and the victims were afraid that he would hurt them, see PSR ¶¶ 14-21, at 5-6, there is no evidence that the fear was premised on the idea that Cheresposy would "subject [them] to death, serious bodily injury, or kidnapping," 18 U.S.C. § 2241(a). See U.S.S.G. § 2A3.1 cmt. n.2. The record does not reflect what the victims were afraid Cheresposy would do if they told anyone beyond a general fear that he would hurt them, and Cheresposy did not threaten that he would hurt them, and he did not go as far as to threaten to seriously injure them, kill them, or kidnap them -- which § 2241(a) requires. See PSR ¶¶ 12-16, at 4-6. See United States v. Reyes Pena, 216 F.3d at 1207-08 ("[T]he victim reported threats; . . . if she did not acquiesce to [the defendant's] demands, he would leave her mother and find a new girlfriend[;] . . . [he] threatened that if she disclosed his conduct to anyone, she would be taken away from her mother[;] [and s]he also reported being threatened with increased household chores if she failed to comply with his desires."). The USPO states that the 4-level enhancement should apply, because Jane Doe 1 "stated she made a pact with [Jane Doe 2] not to disclose what had occurred to them out of fear that they would be hurt by the defendant," and therefore they "were in fear that they would be subjected to death or serious bodily injury by the defendant." PSR Add. at 1. The USPO's conclusion, however, lacks a sound basis. The USPO's conclusion does not explain how the victims' general fear of reprisals amounts to the specific fear that they would be subjected to death, serious bodily injury, or kidnapping. Cheresposy did threaten victims with such consequences and he did have a weapon or threaten them with one. See PSR ¶¶ 12-16, at 4-6. If Cheresposy had a history of physical abuse, perhaps his commands not the tell anyone about the sexual abuse would carry the implied threat of serious bodily injury, death, or kidnapping. The record, however, does not suggest this inference. See PSR ¶¶ 12-16, at 4-6. The Court is sympathetic to the victims' fear leading them not to divulge the sexual abuse they suffered, but a

general fear of repercussions does not mandate a sentencing enhancement based on the specific fear of serious bodily injury, death, or kidnapping.  See  18 U.S.C. § 2241(a); U.S.S.G. § 2A3.1 cmt. n.2.  In addition, the victims were awake and not under the influence of drugs or alcohol on each occasion, see PSR ¶¶ 12-16, at 4-6; the record, therefore, does not support a conclusion that Cheresposy "render[ed] the victim[s] unconscious"; or that he forced the victims to take a "drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct."  U.S.S.G. § 2A3.1 cmt. n.2.  Accordingly, the Court concludes that U.S.S.G. § 2A3.1(b) does not apply.

    **IT IS ORDERED** that the Objection in Defendant's Objections to the Presentence Report, filed July 25, 2021 (Doc. 46)("Objection"), is sustained.

    _____
    UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Jennifer M. Rozzoni
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Emily P. Carey
  Assistant Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*